# MEMORANDUM

## DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 04 2015, 10:15 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Erin L. Berger
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Robert J. Henke
Abigail R. Miller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Termination of the Parent-Child Relationship of,

M.W., (Minor Child)

and,

J.W., (Mother)

*Appellant-Respondent*,

June 4, 2015

Court of Appeals Cause No. 82A01-1410-JT-456

Appeal from the Vanderburgh Superior Court
Cause No. 82D01-1406-JT-66

The Honorable Brett J. Niemeier, Judge
The Honorable Renee Ferguson, Magistrate

v.

The Indiana Department of
Child Services,

*Appellee-Petitioner.*

**Barnes, Judge.**

# Case Summary

J.W. ("Mother") appeals the trial court's termination of her parental rights to M.W. We affirm.

# Issue

Mother raises one issue, which we restate as whether the trial court abused its discretion by denying her motion to continue.

# Facts

M.W. was born in December 2012, and shortly after M.W.'s birth, the Indiana Department of Child Services ("DCS") filed a petition alleging that M.W. was a child in need of services ("CHINS") based on Mother's erratic behavior, Mother's positive drug test, and Mother's arrest on outstanding warrants.

Mother had a pending CHINS case for another of her children, A.W.[1] In January 2013, the trial court found that M.W. was a CHINS. In February 2013, the trial court entered a dispositional order that ordered Mother to participate in services. Between February and June 2013, Mother failed to make progress on the services and visited M.W. only one time. Beginning in June 2013, Mother was incarcerated on various charges, including dealing in methamphetamine, and received mental health treatment during her incarceration.

[4] In June 2014, DCS filed a petition to terminate Mother's parental rights to M.W. At the July 29, 2014 pre-trial hearing, Mother requested a continuance of the scheduled August 6, 2014 hearing on the termination petition. Mother contended that she expected to be released from incarceration in October 2014, that she had received extensive mental health treatment, and that she desired to participate in services upon her release. The State objected to the continuance, arguing that Mother had a considerable amount of time prior to her incarceration to participate in services and failed to do so. The trial court denied Mother's motion for a continuance. Mother did not renew her motion to continue at the August 6, 2014 hearing. After the hearing, the trial court entered findings of fact and conclusions thereon granting the termination of parental rights. Mother now appeals.

---

[1] Mother's parental rights to A.W. were terminated in November 2013. On appeal, we affirmed the termination of parental rights. *In re A.W.*, 82A05-1311-JT-581 (Ind. Ct. App. July 30, 2014).

# Analysis

Mother argues that the trial court erred by denying her motion for a continuance of the termination of parental rights hearing. A trial court's decision to grant or deny a motion to continue is subject to abuse of discretion review. *In re K.W.*, 12 N.E.3d 241, 243-44 (Ind. 2014). "An abuse of discretion may be found in the denial of a motion for a continuance when the moving party has shown good cause for granting the motion," but "no abuse of discretion will be found when the moving party has not demonstrated that he or she was prejudiced by the denial." *Id.* at 244.

In support of her argument, Mother relies on *Rowlett v. Vanderburgh Cnty. Office of Family & Children*, 841 N.E.2d 615 (Ind. Ct. App. 2006), *trans. denied*.[2] In *Rowlett*, we concluded that the trial court abused its discretion by denying the father's motion to continue a hearing on the termination of his parental rights. The father was set to be released from incarceration six weeks after the hearing, and he had not had the opportunity to participate in services directed at reunifying him with his children. During his incarceration, the father had participated in numerous services and programs that would be helpful to him in reaching his goal of reunification with his children. Also, the children had been in the care and custody of their maternal grandmother since they were determined to be CHINS nearly three years prior to the hearing, and the

---

[2] Mother also relies on *A.J. v. Marion County Office of Family & Children*, 881 N.E.2d 706 (Ind. Ct. App. 2008), *trans. denied*. However, *A.J.* did not involve a motion for continuance.

children were to be adopted by their maternal grandmother. Thus, we noted that the continuation of the dispositional hearing until sometime after the father was released would have had little immediate effect upon the children. We concluded that, under these circumstances, the trial court abused its discretion by denying the father's motion for continuance.

[7] This case, however, is distinguishable from *Rowlett*. Here, Mother was incarcerated awaiting trial. At the pre-trial hearing, Mother's attorney stated: "She tells me that she has trial in October of this year, so just a couple of months from where we are now. And expects that even if she is unsuccessful at trial that her sentence will be time served. So she expects to be released from incarceration in October of 2014." Tr. p. 5. Unlike in *Rowlett*, where the father was set to be released in six weeks, Mother's release in October was speculative. There was no guarantee that Mother's trial would take place in October, and there was no guarantee as to her sentence. Moreover, even if Mother was released in October, Mother would still have to demonstrate over many months her ability to maintain her mental health, avoid substance abuse, avoid additional criminal arrests and convictions, and participate in services. More importantly, in *Rowlett*, the father had not been able to participate in services due to his incarceration. Here, Mother had the opportunity for several months to participate in services and visit M.W. prior to her incarceration, but she failed to do so.

[8] We acknowledge that Mother claims to have received mental health treatment and claims that she is doing better. However, she presented no specifics of that

treatment at the time of her motion to continue. Given these facts, we are unwilling to keep M.W. on a shelf until Mother is capable of caring for her properly. *See In re Campbell*, 534 N.E.2d 273, 275 (Ind. Ct. App. 1989). The trial court did not abuse its discretion by denying Mother's motion to continue because she has not shown good cause or that she was prejudiced by the denial.

## Conclusion

[9] The trial court did not abuse its discretion by denying Mother's motion to continue the hearing. We affirm.

[10] Affirmed.

[11] Riley, J., and Bailey, J., concur.